IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT G. ADAMS | ) | |
| | ) | |
| Plaintiff/Counter-Defendant | ) | No. 09 C 7170 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| PULL'R HOLDING COMPANY, LLC., | ) | |
| VINCENT LIN, HUGO LIN, JASON LIU, | ) | |
| JUDY LEE, and ANTHONY RANALLO, | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff/Counter-defendant Robert G. Adams has brought a three count amended complaint against defendants/counter-plaintiffs Pull'R Holding Company, LLC. ("PHC"), Vincent Lin, Hugo Lin, Jason Liu, Judy Lee, and Anthony Ranallo alleging: breach of contract against PHC (Count I); civil conspiracy against Hugo Lin, Anthony Ranallo, Jason Liu, and Judy Lee (Count III); and declaratory judgment (Count IV).[1] Defendants have moved to dismiss Counts II and III of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Because plaintiff has voluntarily dismissed Count II, the court will consider only defendants' arguments as related to Count III.

Defendants/Counter-plaintiffs have filed a fifteen-count counterclaim alleging: breach of operating agreement (Claim I); breach of employment agreement (Claim II ); breach of assignment agreement (Claim III); breach of fiduciary duty (Claim IV); fraud (Claim V); unjust enrichment - improper payments (Claim VI); breach of contract (Claim VII); conversion (Claim

---

[1] Plaintiff has voluntarily dismissed Count II of the amended complaint. To avoid confusion, for the purposes of this memorandum opinion and order the court has retained the count numbers used in the amended complaint and the parties' briefs.

VIII); tortious interference with a prospective business advantage (Claim IX); defamation per se (Claim X); declaratory judgment - ownership of inventions (Claim XI); declaratory judgment - plaintiff's credit cards (Claim XII); violation of the Illinois Trade Secrets Act (Claim XIII); violation of restrictive covenants (Claim XIV); and injunctive relief for defamation (Claim XV). Plaintiff has moved to dismiss Claims I-III, V, VIII-X, and XIV-XV of defendants' counterclaim.

For the reasons stated herein, defendants' motion to dismiss is granted. Plaintiff's motion to dismiss is granted in part and denied in part.

## BACKGROUND

For the purposes of the amended complaint and the counterclaim, the parties are in agreement on the basic facts unless noted. PHC was formed on August 15, 2006, and is in the business of manufacturing, distributing, and marketing proprietary hoist/puller products, jacks, tools, accessories, fence installation tools, replacement parts, work wear, protective products, and construction and do-it-yourself tools. The company is governed by an operating agreement ("Operating Agreement") which sets forth the structure of company, the board of directions, and details the rights and obligations of its members ("Members"). The undisputed Members of PHC, are Vincent Lin, Hugo Lin, Jason Liu, Anthony Ranallo, and Judy Lee. The parties dispute whether plaintiff is a Member. On November 1, 2006, plaintiff was hired by PHC as its President and Chief Executive Officer. The terms of his employment were memorialized in an employment agreement ("Employment Agreement"). Plaintiff was terminated for cause in September 2009.

**DISCUSSION**

**I. Legal Standard**

Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and 9(b). When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claims rest. The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-73, 167 L.Ed.2d 929 (2007). Additionally, allegations of fraud must meet the particularity requirements of Fed. R. Civ. P. 9(b), which means the complaint must allege the "who, what, when, where, and how" of the fraud. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). At the motion to dismiss stage, Rule 9(b) requires only that the plaintiff identify the alleged misrepresentations, not actually prove that the statement was false. See Bankers Trust Co. v. Old Republic Ins., Co., 959 F.2d 677, 683 (7th Cir. 1992).

**II. Defendants' Motion to Dismiss Count III**

Plaintiff alleges that Hugo Lin, Anthony Ranallo, Jason Liu, and Judy Lee entered into an agreement with one another to harm plaintiff and acted in concert with each other to falsify reasons to terminate plaintiff for cause. The Illinois courts define civil conspiracy as "a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means." McClure v. Owens Corning

Fiberglas Corp., 188 Ill. 2d 102, 133 (1999). To state a claim for civil conspiracy, a plaintiff must allege an agreement and a tortious act committed in furtherance of that agreement. Adcock v. Brakegate, Ltd., 164 Ill. 2d 54, 62-64 (1994).

Plaintiff's allegations fail to state a cause of action for civil conspiracy. Although plaintiff has alleged that defendants engaged in a "lawful act in an unlawful manner," he has failed to allege an underlying tortious act to support this allegation. "The conspiracy theory has the effect of extending liability for a tortious act beyond the active tortfeasor to [participating] individuals." McClure, 188 Ill 2d at 133. Plaintiff's only other substantive claim is for breach of contract. Absent any claims or allegations of tortious conduct, plaintiff's civil conspiracy claim fails. Accordingly, defendants' motion to dismiss Count III of the amended complaint is granted. **III. Plaintiff's Motion to Dismiss Claims I-III, V, VIII-X, and XIV-XV of the Counterclaim**

**A. Additional Allegations Included in the Counterclaim**

On August 15, 2006, plaintiff entered into the Operating Agreement as a Member of PHC. The Operating Agreement defines "Member"as "a Person who is named in this Agreement as a Member owning a Membership Interest, and any Person who later becomes a Member pursuant to the provisions of this Agreement." The counterclaim alleges that plaintiff was a Member of PHC and therefore bound by the terms of the Operating Agreement. Plaintiff is alleged to have also executed an assignment agreement ("Assignment Agreement") whereby he agreed to assign all inventions and pending patent applications to PHC, including future patents developed while employed by PHC.

## B. Claim I - Breach of Operating Agreement

Plaintiff has moved to dismiss Claim I of the counterclaim for breach contract with respect to the Operating Agreement. Plaintiff argues that because he is not listed as a Member in the Operating Agreement, he is not a party to that contract. Defendants counter that in his amended complaint plaintiff alleges that he was a Member, and notwithstanding this concession, plaintiff's status of as a Member of PHC is a factual dispute that cannot be resolved on a motion to dismiss. Plaintiff replies that he has not conceded to being a Member and argues that due to a scrivener's error he was mistakenly listed as a Member in the pleadings.

While it is plausible that a clerical error was the reason plaintiff was listed among the Members of PHC in one line of the amended complaint, a review of the entire complaint reveals several instances where plaintiff refers to himself as being a Member and having a Membership interest as defined in the Operating Agreement. A review of the original complaint reveals identical "errors" that were not corrected upon amendment. Plaintiff's disingenuous representation to the court is fatal to his motion to dismiss Claim I. Because plaintiff is bound by his own allegation that he was a Member of PHC, the motion to dismiss Claim I is denied.

## C. Claim II - Breach of Employment Agreement

Plaintiff has moved to dismiss Claim II of the counterclaim for breach of the Employment Agreement on the ground that defendants have merely pled conclusory statements and provided no factual allegations in support of these conclusions. Plaintiff is wrong. Claim II restates and realleges dozens of paragraphs outlining the background facts supporting the counterclaim. Many of these facts directly support defendants' claim that plaintiff breached various sections of the Employment Agreement, including allegations that plaintiff:

misappropriated company funds to reimburse non-business related expenses; promoted business enterprises other than PHC; and improperly secured payment for hundreds of hours of vacation time for which he had not accrued. While these allegations alone, even if proven to be true, may not support each and every assertion that defendants have made in Claim II, the counterclaim pleads sufficient facts to state a plausible claim for breach of the employment agreement. Accordingly, plaintiff's motion to dismiss Claim II is denied.

**D. Claim III - Breach of Assignment Agreement**

Plaintiff has moved to dismiss Claim III of the counterclaim for breach of the Assignment Agreement in which plaintiff allegedly assigned certain intellectual property to PHC. Plaintiff has challenged the enforceability of this agreement in his complaint. He also indicated to defendants that he planned to send cease and desist letters to clients to whom PHC sells merchandise using plaintiff's intellectual property. In response defendants brought Claim III of the counterclaim alleging that plaintiff breached the agreement that he would not claim any right or interest in any patents held by PHC. Plaintiff argues that the claim should be dismissed because defendants have not alleged that plaintiff is actually manufacturing, selling, or licensing any of the intellectual property referred to in the Assignment Agreement. Once again, plaintiff is incorrect. The counterclaim specifically alleges that plaintiff threatened to market to other companies patented inventions belonging to PHC. Moreover, defendants allege that plaintiff attempted to interfere in PHC's right to sell inventions for which it holds the patents. Because these allegations are sufficient to state a claim for breach of the assignment agreement, plaintiff's motion to dismiss Claim III is denied.

**E. Claim V - Fraud**

To state a claim for fraud under Illinois law, a plaintiff must allege that: (1) defendant made a false statement of material fact; (2) which defendant knew or believed to be false; (3) with the intent to induce plaintiff to act; (4) the plaintiff justifiably relied on the statement; and (5) the plaintiff suffered damage from such reliance. Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc., 250 F.3d 570, 574 (7th Cir. 2001); see also Chatham Surgicore, Ltd. v. Health Care Service Corp., 356 Ill.App.3d 795, 804 (Ill. App. 1st Dist. 2005). Allegations of fraud are subject to a heightened pleading standard. Fed. R. Civ. P. 9(b). Fraud must be pled with particularity, which means the complaint must allege the "who, what, when, where and how" of the fraud. DiLeo, 901 F.2d at 627. At the motion to dismiss stage, Rule 9(b) requires only that the plaintiff identify the alleged misrepresentations, not actually prove that the statement was false. See Bankers Trust Co. v. Old Republic Ins., Co., 959 F.2d 677, 683 (7th Cir. 1992). The pleadings must be specific enough to put defendants on notice of the conduct alleged.

The counterclaim alleges that plaintiff: (1) misrepresented to PHC that non-business expenses were legitimate; (2) misrepresented to PHC that he was entitled to pay for vacation time that had not been accrued; (3) forged Jason Liu's signature on a letter to enable plaintiff to open bank accounts in India for plaintiff's other business ventures; and (4) applied for and obtained credit card accounts in his name binding PHC, without its authority, to pay any delinquencies on the accounts in the event of plaintiff's default. Although the counterclaim does not provide adequate details in regards to the non-business related expenses, defendant has provided sufficient particularity in respect to the other instances of alleged fraud – including dates, dollar amounts, and other details – to put plaintiff on notice. Because defendants have met

the heightened pleading standard of Fed. R. Civ. P. 9(b), plaintiff's motion to dismiss Claim V for fraud is denied.

**F. Claim VIII - Conversion**

In Claim VIII of the counterclaim, defendants seek recovery under the tort of conversion for the monies plaintiff received in improper expense reimbursements and unaccrued vacation time. To state a claim for conversion, defendants must allege: (1) an unauthorized and wrongful assumption of control, dominion or ownership by defendant over plaintiff's personalty; (2) defendants' right to the property; (3) defendants' right to immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property. Fonda v. Gen. Cas. Co. of Ill., 279 Ill.App.3d 894, 899 (Ill. App. 1st Dist. 1996). Because the claim alleges a conversion of money, the money must be capable of being described as a specific chattel, meaning the claimant must have a right to "a specific fund or specific money in coin or bills." Mid-America Fire and Marine Ins. Co. v. Middleton, 127 Ill.App.3d 887, 892 (Ill. App. 4th Dist. 1984). The money does not have to be "specifically earmarked" for the claimant, and need not always be a segregated fund, but the converted funds must be "capable of being described, identified or segregated in a specific manner." Indep. Trust Corp. v. Fidelity Nat'l Title Ins. Co. of New York, 2007 WL 1017858, at *24 (N.D. Ill. 2007) (and cases cited therein).

Plaintiff argues that defendants fail to state a claim for conversion because under Illinois law conversion actions do not apply where a defendant owes a general debt or obligation to plaintiff. General Motors Corp. v. Douglass, 206 Ill. App. 3d 881, 886 (Ill. App. 1st Dist. 1990). Defendants contend that their conversion claim is proper because it is based on the tens of thousands of dollars over which plaintiff wrongfully assumed ownership and control through

misconduct. General allegations of loss, however, do not suffice to identify the funds as specific chattel to sustain a conversion claim. General Motor, 206 Ill.App.3d at 886. Rather than stating a cognizable claim for conversion, defendants have alleged a general debt arising from fraudulent misconduct owed by plaintiff to defendants. Accordingly, plaintiff's motion to dismiss Claim VIII of the counterclaim is granted.

**G. Claim IX - Tortious Interference With A Prospective Business Relationship**

To state a claim for tortious interference with a prospective business relationship under Illinois law, a plaintiff must allege, among other things, that damages flowed from the defendant's intentional interference with an existing or prospective business relationship. Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 190 Ill. App. 3d 524, 527 (Ill. App. 2d Dist. 1989). Plaintiff argues that Claim IX is "devoid of allegations of well pled damages" and that "no inference of damages can be read from the scant allegations" of the counterclaim. Plaintiff's argument that damages must be pled with specificity is incorrect. There is simply no heightened pleading standard for general damages associated with such a claim, and plaintiff has failed to cite to any authority to the contrary. See Downers, 190 Ill. App. 3d at 530 ("'It is an established rule of pleading that general damages, as distinguished from special damages, need not be specifically pleaded.'" (quoting 22 Am. Jur. 2d Damages § 825, at 870-71 (1988)). Defendants have alleged that PHC suffered significant damage to its goodwill and business reputation as a result of plaintiff's tortious conduct. No further details are necessary at this stage of the litigation. Plaintiff's motion to dismiss Claim IX is denied.

**H. Claims X and XV - Defamation and Injunctive Relief for Defamation**

In Claims X and XV of the counterclaim, defendants allege that plaintiff contacted vendors, customers, and other individuals and companies to "discuss his termination, malign PHC and damage its business" and to "publish false statements of fact about PHC, its business, and its officers, directors and Managers." Defendants also allege that these statements "impute[d] the want of integrity relating to PHC's business and profession."

Plaintiff has moved to dismiss Claims X and XV arguing that defendants have failed to set forth the allegedly defamatory statements plaintiff made and to whom they were published. Defendants counter that under federal notice pleading standards, it is enough the defendants have alleged the substance of the statements and put plaintiff on notice of the defamation claims.

To state a claim for defamation it is not necessary for a plaintiff to set forth the exact words of the allegedly defamation statements. Chisholm v. Foothill Capital Corp., 940 F. Supp. 1273, 1285 (N.D.Ill. 1996). It is, however, necessary that the complaint allege the basic substance of the statements so that the defendant is placed on notice of the claim. Id.; but see Woodard v. Am. Family Mutual Ins. Co., 950 F. Supp 1382, 1388 (N.D. Ill. 1997)(noting that under federal pleading requirements, some courts require the specific words to be alleged so that defendant can form responsive pleadings).

Claims X and XV fall short of stating a cognizable claim for defamation because defendants provide only the most general allegations that plaintiff made false and damaging statements to unnamed third parties related to his termination and fabricated information about PHC's business and people. In the absence of allegations describing a plausible claim for defamation per se to put plaintiff on notice of the actionable statements and the persons or

entities to whom they were published, the court grants plaintiff's motion to dismiss Claims X and XV.

**I. Claim XIII - Illinois Trade Secrets Act**

Plaintiff argues that defendants fail to state a claim under the Illinois Trade Secrets Act, 765 ILCS 1065/1 et seq. ("ITSA"), because the allegations of the counterclaim are based solely on "information and belief" and do not provide sufficient detail to support an inference of theft. Plaintiff is wrong.

To state a claim under the ITSA, a plaintiff must allege that the information at issue: (1) is a trade secret; (2) was misappropriated; and (3) was used in defendant's business. Learning Curve Toys, Inc. v. PlayWood Toys, Inc., 342 F.3d 714, 721 (7th Cir. 2003). Section 1065/2 of the ITSA defines a trade secret as:

> [I]nformation, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that: (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

In the instant case, defendants have not only pled the requisite elements of a plausible ITSA claim, but they have also provided sufficient detail to put plaintiff on notice of the claim and its basis. Specifically, defendants allege that plaintiff gained access to certain trade secrets, including customer and pricing information, during his employment with PHC, and that despite PHC's efforts to maintain the confidentiality of these trade secrets, plaintiff misappropriated this information and used it to solicit PHC's customers, suppliers, and distributors and market PHC-owned inventions to other companies for his own gain. Defendants also allege that after plaintiff

was fired from PHC, he threatened to market PHC's patented inventions to other companies. Because no further detail about the "what," "where," "when," and "how" of the alleged conduct is required to survive a motion to dismiss, plaintiff's motion as to Claim XIII is denied.

**J. Claim XIV - Restrictive Covenants**

The Employment Agreement, governing the employment relationship, and the Operating Agreement, governing the rights and obligations of Members, both include language prohibiting the solicitation of PHC's customers, distributors, and suppliers and the disclosure of confidential information. Claim XIV of the counterclaim alleges that plaintiff's post-termination conduct violated these restrictive covenants and seeks an injunction whereby plaintiff is enjoined from using or divulging the confidential information to prevent damage to PHC's economic advantage, customer goodwill, and business reputation. Plaintiff argues that the covenants in both agreements are void as a matter of law.[2] He further argues that the Operating Agreement does not apply to plaintiff.

The court has already rejected the second of plaintiff's arguments for the reasons discussed above. His first argument is also meritless. The California Business and Professions Code § 16600 provides in part that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The Supreme Court of California has invalidated contracts to compete pursuant to this provision, except where "enforcement is necessary to protect the trade secrets of an employer." Gordon Termite Control v. Terrones, 84 Cal. App. 3d 176 (Cal. App. 2 Dist. 1978) (citing Muggill v. The Reuben H. Donnelly Corp., 62 Cal. 2d 239, 242 (1965). Contrary to plaintiff's assertions, this line of cases

---

[2] The parties agree that the Employment Agreement is governed by California state law.

is directly on point because the emphasis of Claim XIV is the narrow restriction on divulging confidential information and soliciting PHC's business contacts, not the a wider restriction on all subsequent business activities of an employee. Because defendants have adequately pled Claim XIV, plaintiff's motion to dismiss is denied.

## CONCLUSION

For the reasons stated herein, defendants' motion to dismiss Count III of the amended complaint is granted. Plaintiff's motion to dismiss Claims I-III, V, IX, and XIII of the counterclaim is denied, and his motion to dismiss Claims VIII, X, and XV of the counterclaim is granted. Plaintiff is ordered to answer the claims remaining in the counterclaim on or before April 29, 2010. The parties are directed to meet and confer with respect to a discovery plan and file with the court a joint status report using the court's form on or before April 30, 2010. The status hearing set for April 21, 2010, is cancelled and continued to May 4, 2010, at 9:00 a.m.

**ENTER:** April 20, 2010

_____
**Robert W. Gettleman**
**United States District Judge**